the court affirmed the judgment.
Judge Cabell,
assigned the reasons for his opinion, as follows•
I have no doubt, that, in actions for the breach of executory contracts, the general rule is, that the value of the ar *545 tides to be delivered, at the time when they should have been delivered, with interest from such time of delivery, forms the proper measure of damages. But to this rule there may be exceptions, founded on particular circumstanc es. The appellant in this case had a right to ask of the court an instruction to the jury as to this general rule ; and if he had asked it, and the court had refused it, there would have been sufficient cause to reverse the judgment. I was, at first, inclined to believe that he had asked no more: but, upon a more attentive examination of the bill of exceptions, it appears that other evidence was before the jury; and, fwssibly, there might have been evidence of some of those circumstances constituting an exception to the general rule. In asking the court, therefore, to instruct the jury, that the proper measure of damages in this case was the value of the corn at the time when, by the contract, it should have been delivered, with interest thereon, he required not only a declaration of the general rule, but a decision of the court upon the testimony, the peculiar province of the jury. Had he stated in the bill of exceptions the whole of the circumstances, he might have required the opinion of the court, whether, admitting those circumstances, they were sufficient to take the case out of the general rule. Not having done so, I think the court rightly refused the instruction that was asked, and am for affirming the judgment.